UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AVELINO LAGE CARO,

      Petitioner,

v.                         Case No.:  2:26-cv-01338-SPC-DNF

TODD M. LYONS *et al.*,

      Respondents.

_____/

## OPINION AND ORDER

Before the Court are petitioner Avelino Lage Caro's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Lage Caro is a native of Cuba who was paroled into the United States in September 1968. In November 1997, he was convicted of possession of cocaine with intent to distribute, conspiracy to commit same, and possession of a firearm in relation to drug trafficking and sentenced to 295 in custody. On May 31, 2018, an immigration judge ordered Lage Caro removed to Cuba. Immigration and Customs Enforcement ("ICE") was unable to execute the removal order, so it released Lage Caro under an order of supervision on August 23, 2018.

On December 10, 2025, local law enforcement arrested Lage Caro for petit theft. ICE revoked the order of supervision, took custody of Lage Caro, and detained him in various facilities, mostly at Alligator Alcatraz. On March

16, 2026, ICE transported Lage Caro to a facility near the Texas-Mexico border to attempt removal to Mexico. The removal attempt was unsuccessful—ICE blames Lage Caro but does not explain why. In any event, ICE returned him to Alligator Alcatraz. Lage Caro asserts his continued detention violates the Fifth Amendment and *Zadvydas*, *infra*.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700–01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Supreme Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months— the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues Lage Caro's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Lage Caro has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Cuba has rebuffed the government's attempts to execute the removal order, and there is no indication Cuba will accept him for repatriation now.

The burden thus shifts to the government. ICE points to its unsuccessful March 2026 attempt to send Lage Caro to Mexico. The government offers no details of the attempt, nor does it explain why it was unsuccessful. The evidence before the Court suggests that was an informal effort to compel

voluntary departure, not an above-board removal attempt that complied with statutory and constitutional requirements. *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, --- F. Supp. 3d ---, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture). ICE makes no attempt to show it can lawfully remove Lage Caro in the reasonably foreseeable future.

The Court finds there is no significant likelihood of removal in the reasonably foreseeable future. However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* Given Lage Caro's criminal history, the Court will

give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Avelino Lage Caro's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Lage Caro poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the government shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Lage Caro may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on May 12, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record